IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

DERICK A. BOATENG,          )
                            )
            Plaintiff,      )
                            )
v.                          )          Civil Action No. 07-617
                            )
TERMINEX INTERNATIONAL CO. LTD.)
PARTNERSHIP                 )
                            )
                            )
            Defendant.      )
                            )

## MEMORANDUM OPINION

This matter comes before the court on Defendant's Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff's complaint alleges two counts under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq (2000)(FLSA). Plaintiff's first count alleges that Defendant violated the FLSA by failing to pay Plaintiff overtime wages.  Plaintiff's second count alleges that Defendant retaliated against Plaintiff for complaining that he was not being paid overtime wages by terminating his employment.  Defendant moves to dismiss Plaintiff's second count.

When ruling on a motion to dismiss, courts must "assume the

truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." <u>Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. <u>Id.</u>

In his Complaint, Plaintiff alleges that on multiple occasions between March and May, 2007, he worked more than 40 hours per week for Defendant Terminix but was not paid accordingly. During this period, Plaintiff told Rob Anthony, Terminix Branch Manager for his branch, that he was working more than 40 hours per week but was not being paid overtime wages. On May 17, 2007, Plaintiff showed Mr. Anthony a printout of his hours worked and told him that he had not been paid properly. On May 18, Anthony terminated Plaintiff's employment, ostensibly because Plaintiff requested pay for his overtime hours.

This case presents the question, unresolved in this circuit, whether an employee's informal, internal complaint to his employer about failure to pay appropriate overtime compensation triggers the FLSA's anti-retaliation provision, as Plaintiff alleges only that he complained to his Branch Manager about the unpaid overtime.

2

Section 215(a)(3) of the FLSA states that it is unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on a committee." Because Plaintiff does not allege that he was fired in retaliation for testifying or for serving on a committee, this Court must determine whether the language "filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act" covers the activity Plaintiff alleges in his complaint. More specifically, this Court must decide whether making internal, informal complaints constitutes "filing a complaint" or a "proceeding" under the FLSA.

The Fourth Circuit's opinion in Ball v. Memphis Bar-B-Q Company, Inc., 228 F.3d 360 (2000), provides some guidance. In Ball, the plaintiff, a manager at the defendant's restaurant, learned that one of the defendant's waiters believed that the restaurant had failed to pay appropriate overtime wages and was contemplating a lawsuit against the defendant employer. Id. at 362. The defendant's president met with the plaintiff to discuss how the plaintiff would testify if the waiter were to file a lawsuit against the restaurant. Id. After listening to the president's suggestions about how he should testify were there to

3

be a lawsuit, plaintiff told defendant's president that he would

not be able to testify in the manner suggested by the president.

Id.  Shortly thereafter, defendant terminated plaintiff's

employment and plaintiff filed suit under the FLSA's anti-

retaliation provision.  Id.  The Ball court affirmed dismissal of

plaintiff's anti-retaliation claim for failure to state a claim

upon which relief could be granted because "the 'proceeding'

necessary for liability under the FLSA refers to procedures

conducted in judicial or administrative tribunals."  Id. at 364.

In supporting this conclusion, the court noted that

> [b]y referring to a proceeding that has been
>
> "instituted" and in which "testimony" can be given,
>
> Congress signaled its intent to proscribe retaliatory
>
> employment actions taken after formal proceedings have
>
> begun, but not in the context of a complaint made by an
>
> employee to a supervisor about a violation of the FLSA.
>
> Id.

While the Ball court was interpreting the testimony clause

of § 215(a)(3) and not the complaint clause at issue in the

present action, this Court sees no reason to interpret the word

"proceeding" two different ways in the same subsection of the

statute.  Thus, for Plaintiff to state a claim upon which relief

may be granted, the term "filed a complaint" must be understood

to encompass oral, informal complaints made internally to an

4

employee's supervisor.

Both the text of § 215(a)(3) and the reasoning behind the
Ball decision suggest that the complaint clause does not cover
informal, internal complaints to a supervisor.  First, the
statute provides protection against retaliation for "filing" a
complaint.  The concept of "filing" a complaint contemplates
following some form of official procedure.  Instead, Plaintiff's
Complaint alleges only that Plaintiff made various informal
statements to his supervisor concerning his overtime work.
Moreover, as the Ball court noted, § 215(a)(3)'s text shows that
"Congress signaled its intent to proscribe retaliatory employment
actions taken after formal proceedings have begun, but not in the
context of a complaint made by an employee to a supervisor about
a violation of the FLSA."  228 F.3d at 364.  This reasoning
applies as much to the complaint clause as it does to the the
testimony clause of § 215(a)(3).  Consequently this Court holds
that the clear unambiguous text of the § 215(a)(3) anti-
retaliation clause does not permit recovery under the FLSA for
employer retaliation against informal, oral complaints made
internally to an employee's direct supervisor.

Plaintiff urges this Court to consider the Fourth Circuit's
decision in Rayner v. Smirl, 873 F.2d 60 (4th Cir. 1989).  In
Rayner the Fourth Circuit interpreted a clause of the Federal
Railroad Safety Act, 45 U.S.C. § 441(a)(repealed 1994)(FRSA),

5

which prohibited a railroad carrier from "discriminat[ing]
against any employee" who had "filed any complaint or instituted
or caused to be instituted any proceeding under or related to the
Federal railroad safety laws," language quite similar to the
FLSA's anti-retaliation provision.  The Rayner court held that
the FRSA's complaint clause covered "intra-corporate" complaints.
873 F.2d at 63.  In Ball, the court distinguished Rayner on the
ground that the Ball decision rested on the FLSA's testimony
clause, not its complaint clause.  228 F.3d at 360.

     The Court rejects Plaintiff's argument because the reasons
upon which the Rayner court based its decision were railroad and
safety legislation-specific and therefore are not persuasive in
the FLSA context.  The Rayner court justified its broad reading
of the FRSA because it was "the most comprehensive rail safety
legislation ever enacted by Congress" and "[a]s with all safety
legislation, it should be broadly construed to effectuate the
congressional purpose."  873 F.2d at 63 (internal citations and
quotation marks omitted).  The court further noted that "it was
Congress' intent to protect all railroad employees who report
safety violations.  The distinction between intra-corporate
complaints and those made to outside agencies is therefore an
'artificial' one."  Id. at 64. As the Fourth Circuit noted,
these safety-related reasons justified a broad reading of the
FRSA.  Such reasons cannot justify a similarly broad reading of

the FLSA, which is a statute concerned with equitable treatment
of employees in various industries and was not enacted
specifically out of concern for the physical safety of the public
at large.

Further support for the notion that the FLSA's anti-
retaliation provision does not cover informal, internal
complaints can be gleaned by examining the text of Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2000).  Title
VII's anti-retaliation provision, § 704(a), makes it unlawful for
an employer to discriminate against an employee because the
employee "made a charge, testified, assisted, or participated in
an investigation, proceeding or hearing under this chapter" but
also because the employee "opposed any practice made an unlawful
employment practice by this [subchapter]." (emphasis added).
Such language covers informal, internal complaints.  See
Armstrong v. Index Journal Co., 647 F.2d 441, 448 (4th Cir.
1981)(stating that Title VII's opposition clause encompasses
"informal protests such as voicing complaints to employers").
Because Congress chose to use more narrow language in drafting
the FLSA, it stands to reason that Congress did not intend for
the FLSA's anti-retaliation clause to encompass the expansive
range of activity covered by the more broadly-worded Title VII
opposition clause.

While this circuit has not decided whether internal

complaints constitute protected activity under § 215(a)(3), other
circuits have done so.   Indeed, five of the six circuits that
have squarely considered the issue of whether an internal
complaint constitutes protected activity under the FLSA have held
that § 215(a)(3) does cover internal complaints.[1]   Only the
Second Circuit has held that § 215(a)(3) does not cover internal
complaints to an employer.   Lambert v. Genesee Hosp., 10 F.3d 46,
55 (2d Cir. 1993)(stating that "the plain language of [§
215(a)(3)] limits the cause of action to retaliation for filing
complaints, instituting a proceeding, or testifying, but does not
encompass complaints made to a supervisor") cert. denied, 511
U.S. 1052 (1994).   Other courts in this circuit have chosen to
follow the Second Circuit's approach in Lambert.   See, Whitten v.
City of Easley, 62 Fed. App'x 477, 480 (4th Cir. 2003)
(unpublished)(holding that "the FLSA's anti-retaliation provision
does not extend to internal complaints"); Meredith-Clinevell v.

---

[1]See, Pacheco v. Whiting Farms, Inc., 365 F.3d 1199, 1206 (10th
Cir. 2004) (stating that "[a]n employee's request for overtime
wages is protected activity in the form of an unofficial
assertion of FLSA rights"); Lambert v. Ackerly, 180 F.3d 997,
1007 (9th Cir. 1999)(holding that an employee's written and oral
complaints were sufficient to constitute protected activity);
Valerio v. Putnam Assoc's. Inc., 173 F.3d 35, 45 (1st Cir.
1999)(stating that internal written complaints to an employer
constitute protected activity); EEOC v. Romeo Community Schs.,
976 F.2d 985, 989-90 (6th Cir. 1992)(concluding that oral
complaints to an employer constitute protected activity); EEOC v.
White & Son Enters., 881 F.2d 1006, 1011 (11th Cir.
1989)(concluding that unofficial complaints to an employer
constitute protected activity).

Dept. of Juvenile Justice ex rel. Virginia, 344 F. Supp 2d 951, 954 (W.D. Va. 2004)(holding that informal complaints to an employer do not fall within the "plain language" of § 215(a)(3)); O'Neill v. Allendale Mut. Ins. Co., 956 F.Supp. 661, 664 (holding that "the well-defined universe of protected activities does not encompass such informal, unofficial protests" to an employer). Although not bound by these decisions, this Court chooses to follow their lead and holds that the text of the FLSA's anti-retaliation clause does not cover informal, internal complaints to an employer regarding the employer's failure to pay overtime.

For the reasons stated above, Defendant's Motion to Dismiss as to Count II should be granted and this case should be dismissed.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September 4 , 2007

9